🖎 AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>**Director of the U.S. Patent and Trademark Office**<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | **REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court _____**District of New Jersey**_____ on the following ☐ Patents or **X** Trademarks:

| DOCKET NO.<br>**10-6269 (SRC)** | DATE FILED<br>**12/3/2010** | U.S. DISTRICT COURT<br>**Newark , New Jersey** |
|---|---|---|
| PLAINTIFF<br>**COACH, INC., COACH SERVICES, INC.** | | DEFENDANT<br>**MEADOWLANDS MARKET PLACE, INC. d/b/a NEW<br>MEADOWLANDS FLEA MARKET, ROBERT KAYE, MING YUEN,<br>HANIN TEMEH, ELAINE M. LEVY, XIAOMIN ZHOU, ANNA KOZAK,<br>JAIN FENG LIU, ZHELLIANG ZHANG, ENID F. MORRIS,<br>ZHENLIANG HAUNG, ZHEMIN ZHANG and DOES 1 THROUGH 100** |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1 | | **SEE ATTACHED COMPLAINT FOR TRADEMARK INFO.** |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>**WILLIAM T. WALSH** | (BY) DEPUTY CLERK | DATE<br>**12/3/2010** |
|---|---|---|

**Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director**
**Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy**

**STERNS & WEINROTH,**
A Professional Corporation
50 West State Street
Suite 1400
P.O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Attorneys for Plaintiffs, Coach, Inc.
and Coach Services, Inc

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| MEADOWLANDS MARKET PLACE, INC. d/b/a | : |
| NEW MEADOWLANDS FLEA MARKET, | : |
| ROBERT KAYE, MING YUEN, HANIN TEMEH, | : |
| ELAINE M. LEVY, XIAOMIN ZHOU, ANNA | : |
| KOZAK, JAIN FENG LIU, ZHELIANG ZHANG, | : |
| ENID F. MORRIS, ZHENLIANG HAUNG, | : |
| ZHEMIN ZHANG and DOES 1 THROUGH 10, | : |
| | : |
| Defendant(s). | : |

DOCUMENT FILED
ELECTRONICALLY

**Civil Action No.**

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through their undersigned counsel, Sterns & Weinroth, P.C., for their complaint against Defendants allege as follows:

## Nature of the Action

1.      This is an action for trademark infringement, trade dress infringement, and counterfeiting under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the United States Copyright Act (17 U.S.C. § 501 et seq.); trafficking in counterfeit trademarks under N.J.S.A § 56:3-13.16, unfair competition under N.J.S.A. § 56:4-1 et seq., trademark infringement under the common law of New Jersey, and unjust enrichment under the common law of New Jersey.

## Jurisdiction and Venue

2.      Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.      This Court has personal jurisdiction over Defendants because they conduct business and/or reside in the State of New Jersey, and as to the entities, because they are incorporated, and/or registered and/or authorized to conduct business in the State of New Jersey.

4.      Venue is properly found in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York.  Plaintiff

Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

6.     Upon information and belief, Defendant Meadowlands Marketplace, Inc. d/b/a New Meadowlands Flea Market ("Meadowlands Flea Market") is a corporation registered in the State of New Jersey with its principal place of business located at 50 Route 120, East Rutherford, New Jersey.

7.     Upon information and belief, Defendant Robert Kaye ("Kaye") is the President of the Meadowlands Flea Market and is a citizen of New Jersey residing at 280 Umpawaug Road, New Jersey 07073, who knowingly contributed to the unlawful activities described below. Furthermore, Defendant Kaye has used the Meadowlands Flea Market to perpetrate an injustice against Plaintiffs or otherwise circumvent the law.

8.     Upon information and belief, Defendant Ming Yuen ("Yuen")  is the Vice-President of the Meadowlands Flea Market residing at 206 Bay 46th Street, Brooklyn, NY 11214, who knowingly contributed to the unlawful activities described below. Furthermore, Defendant Yuen has used the Meadowlands Flea Market to perpetrate an injustice against Plaintiffs or otherwise circumvent the law.

9.     Upon information and belief, Defendant Enid F. Morris is an individual residing at 251-08 Weller Avenue, Rosedale, NY 11422, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

10.     Upon information and belief, Defendant Zhenliang Huang is an individual residing at 37-34 64th Street 1st Floor, Woodside, NY 11377, doing business in connection with

the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

11.    Upon information and belief, Defendant Zhemin Zhang is an individual residing at 144-65 28th Avenue, Flushing, NY 11354, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

12.    Upon information and belief, Defendant Zheliang Zhang is an individual residing at 119-21 7th Avenue, College Point, NY 11356, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

13.    Upon information and belief, Defendant Hanin Temeh is an individual residing at 237 Maple Street, Secaucus, New Jersey 07094, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

14.    Upon information and belief, Defendant Elaine M. Levy is an individual residing at 97-20 57th Street Apt. #10M, Corona, NY 11368, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

15.    Upon information and belief, Defendant Xiaomin Zhou is an individual residing at 147-40 41st Avenue, Flushing, NY 11355, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

16.    Upon information and belief, Defendant Ana Kozak is an individual residing at 433 Holdridge Avenue, Staten Island, NY 10312, doing business in connection with the

Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

17.     Upon information and belief, Defendant Jian Fen Liu is an individual residing at 15620 Sanford Avenue, 1st Floor, Flushing, NY 11355, doing business in connection with the Meadowlands Flea Market and who knowingly contributed to the unlawful activities described below.

18.     Upon information and belief, Defendants DOES 1 through 10 are individual owners and proprietors of Defendant the Meadowlands Flea Market and entities that knowingly contributed to the unlawful activities described below.

19.     Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

20.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent such acts and the

behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## The World Famous Coach Brand and Products

21.     Coach was founded more than sixty years ago as a family-run workshop in Manhattan.  Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, including eyewear, footwear including shoes, jewelry and watches.  Coach sells goods through its own specialty retail stores, department stores, catalogs and via an Internet website, www.coach.com, throughout the United States and elsewhere.

22.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights for many years on and in connection with the advertisement and sale of its products, including those detailed in paragraphs 26-37 of this Complaint (collectively, the "Coach Marks").

23.     Coach has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding $3 billion dollars.

## The Coach Trademarks

24.     Coach is the owner of the following United States Federal Trademark Registrations (together, the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for, *inter alia*, key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16 and 18 for, *inter alia*, leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for, *inter alia*, eyeglasses and sunglass cases. | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for, *inter alia*, home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for, *inter alia*, men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for, *inter alia*, umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for, *inter alia*, seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for, *inter alia*, men's and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for, *inter alia*, sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for, *inter alia*, camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for, *inter alia*, jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for, *inter alia*, pillows, mirrors and glassware. | June 6, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,074,972 | COACH | 3 and 21 for, *inter alia*, leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for, *inter alia*, writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for, *inter alia*, clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18 and 25 for, *inter alia*, women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for, *inter alia*, perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for, *inter alia*, eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for, *inter alia*, fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for, *inter alia*, jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for, *inter alia*, bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for, *inter alia*, eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for, *inter alia*, clothing for men and women. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20 and 25 for, *inter alia*, key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18 and 25 for, *inter alia*, women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16 and 18 for, *inter alia*, eyeglass cases and leather goods, such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3 and 21 for, *inter alia*, leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24 and 25 for, *inter alia*, handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for, *inter alia*, handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for, *inter alia*, fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6 and 9 for, *inter alia*, sunglasses and eye glass cases, leather goods. | April 13, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,832,740 | CC & DESIGN (Signature C) | 28 for, *inter alia*, stuffed animals. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for, *inter alia*, clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for, *inter alia*, handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24 and 25 for, *inter alia*, handbags, purses, fabrics and clothing. | November 8, 2005 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for, *inter alia*, fragrances. | March 11, 2008 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for inter alia bags, umbrellas, shoes and the manufacturer of these goods. | October 13, 2009 |  |
| 3,251,315 | COACH EST. 1941 | 18 and 25 for, *inter alia*, handbags, small leather goods, jackets and coats. | June 12, 2007 |  |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18 and 25 for, *inter alia*, handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 |  |
| 3,441,671 | COACH LEATHERWARE EST. 1941 | 9, 14, 18 and 25 for, *inter alia*, handbags, leather cases, purses, and wallets. | June 3, 2008 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,072,459 | CL STYLIZED | 18 for, *inter alia*, leather goods. | March 28, 2006 |  |
| 3,187,894 | CL STYLIZED | 18 and 25 for, *inter alia*, leather goods and clothing. | December 12, 2006 |  |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for, *inter alia*, retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for, *inter alia*, luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16 and 25 for, *inter alia*, desk accessories, clothing and eyeglasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for, *inter alia*, clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for, *inter alia*, accessory cases, backpacks and satchels. | August 19, 1997 |  |

25.    These registrations are valid, subsisting in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.[1]

26.    The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

27.     The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

28.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

29.     The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

### The Coach Trade Dress

30.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

31.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

32.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

33.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

### The Coach Design Elements Copyrights

34.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws. These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under 17 U.S.C. § 101 et seq. (collectively, the "Coach Design Elements").

35.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its "Op Art" design, with registration number VA 1-694-574. A copy of the Registration Record is attached hereto as Exhibit A.

36.     Coach also has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design, with registration number VAu000704-542. A copy of the Registration Record is attached hereto as Exhibit B.

37.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

## Defendants' Acts of Infringement and Unfair Competition

38.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements (collectively, the "Infringing Products"). Defendants' specific conduct includes, among other things:

A.     Defendants prominently display counterfeit Coach handbags and accessories at Meadowlands Flea Market as an enticement to attract tourists and other potential customers to its business. Coach handbags and other accessories of various styles are offered for sale at any given time.

B.     On or about August 28, 2010, investigators from the firm Allegiance Protection Group, Inc. ("Allegiance") assisted the New Jersey State Police Department  with a criminal enforcement action at the Meadowlands Flea Market. This action resulted in the seizure of approximately twelve hundred (1,200) counterfeit Coach merchandise. Investigators from Allegiance surveyed the Meadowlands Flea Market and observed six (6) unlicensed booth

{00362833;v1}

vendors offering for sale and selling counterfeit Coach products bearing the Coach Trademarks and Copyrights, including but not limited to, Coach and Lozenge Design, Signature C Design, Coach Heritage Logo, Op Art Design and Legacy Design.   The six vendors, Hanin Temeh, Elaine M. Levy, Xiaomin Zhou, Anna Kozak, Jian Fen Liu and Zheliang Zhang,  were arrested and charged with Trademark Counterfeiting in the Third Degree.

C.      On August 28, 2010, Hanin Temeh offered for sale one hundred and twenty (120) counterfeit Coach handbags, one hundred and forty-four (144) counterfeit Coach wristlets, sixty-eight (68) counterfeit Coach wallets, thirty-four (34) counterfeit Coach sandals, eleven (11) counterfeit Coach belts, thirteen (13) counterfeit Coach Scarves, five (5) counterfeit Coach hats, and one hundred and fifty-five (155) counterfeit shoes and watches.

D.       On August 28, 2010, Elaine M. Levy offered for sale twenty-seven (27) counterfeit Coach handbags.

E.      On August 28, 2010, Xiaomin Zhou offered for sale one hundred and eighty-eight (188) counterfeit Coach handbags, thirty-nine (39) counterfeit Coach wallets and eight (8) counterfeit Coach watches.

F.      On August 28, 2010, Anna Kozak offered for sale two (2) counterfeit Coach handbags.

G.      On August 28, 2010, Jian Feng Liu offered for sale one hundred and sixty-nine (169) counterfeit Coach handbags and one hundred and eighty-eight (188) counterfeit Coach wallets.

H.      On August 28, 2010, Zhelaing Zhang offered for sale fifty-six (56) counterfeit Coach handbags. .

I.     Subsequently a follow-up investigation at the Meadowlands Flea Market on November 13, 2010 resulted in the arrest of four (4) vendors, Enid F. Morris, Zhenliang Huang, Zhemin Zhang, and Zheliang Zhang, who were charged with Trademark Counterfeiting in the Third Degree. In total the investigators and New Jersey State Police seized approximately three hundred and seventy-four (374) counterfeit products bearing the Coach Trademarks and Copyrights, including but not limited to, Coach and Lozenge Design, Signature C Design, Coach Heritage Logo, Op Art Design and Legacy Design.

J.     On November 13, 2010, Enid F. Morris offered for sale twenty-five (25) counterfeit Coach handbags, seven (7) counterfeit coach wallets, and two (2) counterfeit Coach wristlets at the Meadowlands Flea Market. The products bore the Coach and Lozenge Design, Signature C Design, and Coach Heritage Logo. Additionally, on October 26, 2010, an Allegiance investigator observed Enid F. Morris offering counterfeit merchandise for sale at the Aqueduct Flea Market in Ozone Park, NY.   On October 26, 2010, the investigator purchased one counterfeit Coach handbag from this defendant for $15.00.

K.     On November 13, 2010, Zhenliang Huang offered for sale nine (9) counterfeit Coach handbags at the Meadowlands Flea Market. The products bore the Coach and Lozenge Design, Signature C Design, Coach Heritage Logo, Op Art Design and Coach Stylized Design..

L.     On November 13, 2010, Zhemin Zhang offered for sale one hundred and forty-seven (147) counterfeit Coach handbags, ninety-five (95) counterfeit Coach wallets and ten (10) pairs of counterfeit shoes at the Meadowlands Flea Market. The products bore the Coach and Lozenge Design, Signature C Design, Coach Heritage Logo and Op Art Design.

M.     On November 13, 2010, Zheliang Zhang offered for sale eleven (11) counterfeit Coach handbags and sixty-eight (68) counterfeit Coach wallets for sale at the Meadowlands Flea

Market.  The products bore the Coach and Lozenge Design, Signature C Design, Coach Heritage Logo, Coach and Tag Design and Op Art Design.

39.     The merchandise seized at the Meadowlands Flea Market were not authentic Coach products..  The fabrics used are not the type and quality used by Coach in the production of authentic Coach goods.  The hardware is not the type of hardware found on authentic Coach products.   The Coach Trademarks on the handbag were either incorrect or inconsistent with the Coach Marks found on authentic Coach merchandise.  Overall, the quality and craftsmanship of the merchandise does not meet the high quality standards of Coach.

40.     At all times, Defendants were and are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements, and the incalculable goodwill associated therewith.

41.     Defendants have no license, authority or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

42.     Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

43.     Defendants' activities, as described above, are likely to create a false impression, or to deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

44.     Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products unless otherwise restrained.

45.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendants' activities, and has no adequate remedy at law.

## Contributory and Vicarious Infringement

46.     The Meadowlands Flea Market operation, and others like it, contributes significantly to the problem of counterfeiting in the United States.  The motivation to "turn a blind eye" to infringement on its premises, is not only the rental fees for booth space received directly from the vendors selling counterfeit merchandise.  The availability of cheap, infringing Coach merchandise on the premises also acts a "draw" for customers, enabling the owners and operators to reap the financial benefits of increased attendance, which results in more vendors and higher booth rental fees, as well as revenue from concessions and the like.

47.     The Meadowlands Flea Market was established in 1991 and operates year round from 8am to 4pm.  The Meadowlands Flea Market advertises and promotes the flea market through various media, including on its website www.newmeadowlands market.com ("website").  According to the website, the flea market is advertised in local newspapers, magazines and television commercials.  Additionally, the Meadowlands Flea Market sponsors bus tours to bring customers to the flea market.  The Meadowlands Flea Market also encourages its vendors to advertise their products on the website.  Notably, the website features a photo of a vendor with numerous handbags on display and offered for sale.

48.     The Meadowlands Flea Market also provides all the services necessary for their vendors to operate on their premises and charges rental fees in exchange for booth space.

49.    Upon information and belief, Defendants Kaye, Yuen and Meadowlands Flea Market strictly monitor and control the conduct of, and the nature of the merchandise being sold by the flea market's vendors.  For example and without limitation:

A.    Defendants reserve the right to determine what items will be sold at the flea market.

B.    Defendants require vendors to obtain a Sales Tax Certificate for the State of New Jersey.

C.    Defendants regulate the hours that vendors may operate on the property.

50.    Defendants Kaye, Yuen and Meadowlands Flea Market know that a substantial amount of counterfeit merchandise are being offer for sale and sold on their premises.  Multiple raids of the premises by law enforcement have occurred in which counterfeit Coach merchandise were seized.

51.    After learning of the infringing conduct at the flea market, on November 5, 2010, Coach sent a cease and desist letter Meadowlands Flea Market notifying it that the its vendors were trafficking in Couch counterfeit merchandise.  Accordingly, the Meadowlands Flea Market and its officers were under notice of the illegal activity at the flea market.

**COUNT I**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

52.    Coach repeats and realleges the allegations set forth in paragraphs 1 through 51 as if set forth at length herein.

53.     Defendants, without authorization from Coach, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

55.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

56.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

60.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 60 as if set forth at length herein.

61.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are confusingly similar to Coach's Trademarks.

62.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

63.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

64.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

65.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

67.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

68.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 67 as if set forth at length herein.

69.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

70.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed,

manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

71.    The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public or the trade who recognize and associate the Coach Trade Dresses with Coach.  Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public or the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants and the Infringing Products.

72.    Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

73.    Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

74.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

75.    Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

76.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IV**
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

77.    Coach repeats and realleges the allegations set forth in paragraphs 1 through 77 as if set forth at length herein.

78.     Defendants' promotion, advertising, distribution, sale and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, or is intended, or is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

79.     The foregoing acts of Defendants constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

80.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

81.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

82.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

83.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 82 as if set forth at length herein.

84.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

85.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

{00362833;v1}

86.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

87.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

88.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

89.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

90.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

<u>COUNT VI</u>
**(Copyright Infringement, 17 U.S.C. § 501)**

91.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 90 as if set forth at length herein.

92.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the Copyright Act (17 U.S.C. § 501 et seq.).

93.     Upon information and belief, Defendants had access to and copied the Op Art design and other Coach Design Elements present on Coach products.

94.     Defendants intentionally infringed Coach's copyrights in the Op Art design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in

the Op Art designs and other Design Elements embodied on Coach products, without Coach's consent or authorization.

95.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 et seq.

96.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

97.     Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

98.     Defendants' acts have damaged and will continue to damage Coach and Coach has no adequate remedy at law.

**COUNT VII**
**(Trademark Counterfeiting, N.J.S.A § 56:3-13.16)**

99.     Coach repeats and realleges the allegations set forth in paragraphs 1 through 98 as if set forth at length herein.

100.     Defendants have used, without Coach's consent,  reproductions, counterfeits, copies, or colorable imitations of  Coach's Trademarks in connection with the sale, distribution, offering for sale or advertising of the Infringing Products, which are likely to cause confusion, mistake or to deceive consumers, the public or the trade as to their source or origin.

101.     The foregoing acts of Defendants constitute trademark counterfeiting in violation of N.J.S.A. § 56:3-13.16.

102.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

103.   Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

104.   Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VIII**
**(Unfair Competition N.J. S.A. § 56:4-1 et seq.)**

105.   Coach repeats and realleges the allegations set forth in paragraphs 1 through 104 as if set forth at length herein.

106.   The foregoing acts of Defendants constitute unfair competition in violation of N.J.S.A. § 56:4-1.

107.   Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

108.   Defendants are liable to Plaintiffs for all damages, whether direct or indirect, for the misappropriation of Plaintiffs' name, brand, trademark, reputation and goodwill, which damages are subject to trebling.

109.   Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

110.   Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IX**
**(Common Law Trademark Infringement)**

111.   Coach repeats the allegations as set forth in paragraphs 1 through 110 as if set forth in length herein.

112.    Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

113.    Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

114.    The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

115.    Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberative intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

116.    Defendants' acts constitute trademark infringement in violation of the common law of the State of New Jersey.

117.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

118.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

119.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT X
**(Contributory Infringement of Copyrights and Trademarks)**

120.    Coach repeats and realleges the allegations set forth in paragraphs 1 through 119 as set forth at length herein.

121.    Defendants Meadowlands Flea Market, Kaye and Yuen have engaged and continue to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the above described unauthorized trafficking and counterfeiting of Coach merchandise bearing the Coach Marks and Design Elements.

122.    The foregoing acts of infringement by the Meadowlands Flea Market, Kaye and Yuen have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiffs.

123.    Such conduct constitutes contributory infringement of Plaintiffs' copyrights and trademarks in violation of the United States Copyright Act (17 U.S.C. § 501 et seq.) and the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)), respectively.

## COUNT XI
### (Vicarious Infringement of Copyrights)

124.    Coach repeats and realleges the allegations set forth in paragraphs 1 through 123 as set forth at length herein.

125.    At all times relevant herein, defendants Meadowlands Flea Market, Kaye and Yuen had the right and ability to supervise and/or control the infringing conduct of their vendors. These defendants have failed to exercise such supervision and/control.    As a direct and proximate cause of such failure, the flea market's vendors and customers have infringed on Coaches copyrights.

126.    At all times relevant herein, the Meadowlands Flea Market, Kaye and Yuen derived a direct financial benefit from fees charged directly to vendors and from the increased traffic to their premises resulting from the "draw" of counterfeit Coach merchandise.    The Meadowlands Flea Market, Kaye and Yuen have received profits that flow directly from customers who wish to purchase Coach merchandise.

{00362833;v1}

127.    The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiffs.

128.    Such conduct constitutes vicarious infringement of Plaintiffs' copyrights in violation of the United States Copyright Act (17 U.S.C. § 501 et seq.).

**COUNT XII**
**(Unjust Enrichment)**

129.    Coach repeats and realleges the allegations set forth in paragraphs 1 through 129 as set forth at length herein.

130.    The acts complained of above constitute Defendants' unjust enrichment at Coach's expense, in violation of the common law of the State of New Jersey.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.  Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501);); (iii) Defendants have trafficked in counterfeit marks in violation of N.J.S.A. § 56:3-13.16; (iv) Defendants have engaged in unfair competition in violation of N.J.S.A. § 56:4-1 et seq.; (v) Defendants have engaged in trademark infringement in violation of New Jersey common law; (vi) Defendants have engaged in contributory infringement of trademarks and copyrights; (vii) Defendants have engaged in vicarious infringement of copyrights; and (vii) Defendants have been unjustly enriched in violation of New Jersey common law;

B.  Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116,  17 U.S.C. § 502,  N.J.S.A. § 56:3-13.16(d) and N.J.S.A. § 56:4-2,

preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

  2. engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and

  3. engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted;

  C. Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as the means of making same;

  D. Requiring Defendants to file with this Court and to serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants has been authorized by Coach, or is related in any way with Coach and/or its products;

F. Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts, and also awarding Coach its actual damages, and directing that such profits or actual damages be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. §§ 56:3-13.16(d) and 56:4-2;

G. Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H. Awarding Coach punitive damages to which it is entitled under applicable federal or state laws;

I. Awarding Coach its costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505), and N.J.S.A. § 56:3-13.16(d);

J. Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

{00362833;v1}

30

K.    Awarding Coach such additional and further relief as the Court deems just

and proper.

> **STERNS & WEINROTH**
> A Professional Corporation
> Attorneys for Plaintiffs, Coach, Inc. and
> Coach Services, Inc.
>
> By:    /s/   Michael L. Rosenberg
>        mrosenberg@sternslaw.com
>
>
> Michael L. Rosenberg, Esq.
> Marshall D. Bilder, Esq.
> Christine A. Shaw, Esq.

Dated:  December 3, 2010

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a

trial by jury.

> **STERNS & WEINROTH**
> A Professional Corporation
> Attorneys for Plaintiffs, Coach, Inc. and
> Coach Services, Inc.
>
> By:    /s/    Michael L. Rosenberg
>        mrosenberg@sternslaw.com
>
>        Michael L. Rosenberg, Esq.
>        Marshall D. Bilder, Esq.
>        Christine A. Shaw, Esq.

Dated:  December 3, 2010

## L.CIV.R. 11.2 CERTIFICATION

The undersigned certifies that the matter in controversy in the within action is not the subject of any other   civil action pending in any court or of any pending arbitration or administrative proceeding.  Upon information and belief criminal actions are pending against defendants in the East Rutherford Municipal Court.

**STERNS & WEINROTH**
A Professional Corporation
Attorneys for Plaintiffs, Coach, Inc. and
Coach Services, Inc.

By:   /s/   Michael L. Rosenberg
      mrosenberg@sternslaw.com

Michael L. Rosenberg, Esq.
Marshall D. Bilder, Esq.
Christine A. Shaw, Esq.

Dated:  December 3, 2010

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-694-574

**Effective date of
registration:**

October 7, 2009

---

## Title

**Title of Work:** Coach Op Art

**Series Title:** Coach Op Art Design

## Completion/ Publication

**Year of Completion:** 2008

**Date of 1st Publication:** October 1, 2008    **Nation of 1st Publication:** United States

## Author

■     **Author:** Coach, Inc.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Coach, Inc.

516 West 34th Street, New York, NY, 10001, United States

## Rights and Permissions

**Name:** Suzanne White

**Email:** swhite@coach.com    **Telephone:** 212-629-2217

**Address:** 516 West 34th Street

New York, NY 10001  United States

## Certification

**Name:** Suzanne White

**Date:** October 7, 2009

---

**Correspondence:** Yes

COACH DESIGN PACKAGE:
Description: Op Art  24cm scale without Scripts
Season: FY09 Development
**Please note:** Not for color
repeat size: W: 24cm x H:12cm



# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**F  m VA**
For  ork of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REC  **VAu 704 – 542**

*#KU889704542#*

EFFECTIVE DATE OF REGISTRATION

**3-15-06**
Month    Day    Year

---

**1**

Title of This Work ▼

Legacy Stripe

NATURE OF THIS WORK ▼ See Instructions

textile design

Previous or Alternative Titles ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a**  NAME OF AUTHOR ▼

Coach Services, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR  Citizen of ___ USA
Domiciled in ___ USA

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☑ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**b**  Name of Author ▼

Dates of Birth and Death
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR  Citizen of ___
Domiciled in ___

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Nature of Authorship Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

---

**3**

**a** Year in Which Creation of This Work Was Completed
2006
This information must be given
Year in all cases.

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ___ Day ___ Year ___ Nation ___

---

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Coach Services, Inc.
516 W. 34th Street
New York, NY  10001

See instructions before completing this space

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
**MAR 1 5 2006**
ONE DEPOSIT RECEIVED
**MAR 1 5 2006**
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.    • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ___ page

SEAL OF THE UNITED STATES COPYRIGHT OFFICE · 1870 ·

| EXAMINED BY | 84 | | FORM VA |
|---|---|---|---|
| CHECKED BY | | | |
| ☐ CORRESPONDENCE ☐ Yes | | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

a

See instructions before completing this space

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼      Account Number ▼

Cooper & Dunham LLP      DA-38423

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Norman H. Zivin, c/o Cooper & Dunham LLP
1185 Avenue of the Americas
New York, NY  10036

b

Area code and daytime telephone number   ( 212 ) 278-0400      Fax number   ( 212 ) 391-0630

Email   nzivin@cooperdunham.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of   Coach Services, Inc.

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Norman H. Zivin      Date  March 7, 2006

Handwritten signature (X) ▼

X

Certificate will be mailed in window envelope to this address:

Name ▼
Norman H. Zivin, c/o Cooper & Dunham LLP

Number/Street/Apt ▼
1185 Avenue of the Americas

City/State/ZIP ▼
New York, NY  10036

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: August 2003—30,000   Web Rev: June 2002   ⊕ Printed on recycled paper      U.S. Government Printing Office: 2003-496-605 /#